DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## May, 1887.

---

JOHN BOARDMAN, Respondent, v. WALSTON H. BROWN
AND OTHERS, Appellants.

*Master and servant — duty o, the master to furnis. safe and suitable machinery.*

Upon the trial of this action, brought by the plaintiff to recover damages for personal injuries sustained by him while employed by the defendants, who had entered into a contract for excavating a tunnel for the new aqueduct for New York city, it appeared that he went down to and came up from the tunnel through a shaft 385 feet long which had been sunk from the surface of the ground to the bottom of the tunnel.

The men, to the number of four or five, rode in buckets which were let down from the surface. Some twenty feet above the bucket was a cross-timber which descended with it, being confined in a frame or groove on the sides of the shaft. The rope to which the bucket was fastened passed through an aperture in the follower, but was not firmly attached to it. The follower was used to confine the sway of the bucket to twenty feet, instead of leaving it a possible sway of over 300 feet. On the day the plaintiff was injured the follower got caught, and after the bucket had left it it fell and detached the bucket from the swivil which supported it by breaking the rope.

*Held,* that the appliance was neither reasonably safe nor prudent, and that the case was properly submitted to the jury, and that their verdict in favor of the plaintiff should be affirmed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, rendered at the Weschester Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages for personal injuries sustained by the plaintiff, a miner in the employment of the defendants, in an accident caused by alleged defective and unsafe machinery furnished by the defendants.

*E. T. Lovatt,* for the appellants.

*W. B. Davidson* and *Isaac N. Mills,* for the respondent.

BARNARD, P. J.:

This case was properly sent to the jury. The general rules which govern the relation of master and servant, in respect to the circumstances surrounding the accident, are well settled. The servant takes the ordinary risks of the employment, but the master is bound to furnish capable fellow-workmen and safe and suitable machinery and appliances for the purpose of the employment, and that if the machinery is unsuitable or dangerous the master is liable for an accident occasioned thereby, even if the negligence of a fellow workman occasioned the same. The fact that a dangerous machine could be safely worked by a careful man, did not remove the liability from the master. (*Stringham* v. *Stewart,* 100 N. Y., 516.) The evidence in this case discloses that the defendants were contractors in the excavation of a tunnel for the new aqueduct for New York. The shaft had been sunk to the bottom of the proposed tunnel 385 feet from the surface. The tunnel was extended both ways from the shaft, and the material all came up the shaft. The men went down and came up in the same way. The defendants had provided a bucket, which was let down from the surface, and four or five men rode in the bucket at once. Some twenty feet above the bucket there was what is termed a follower, being cross pieces of timber, which descended with the bucket; this follower was confined in a frame or groove on the sides of the shaft. The bucket was not attached firmly to the follower, but was so made that if the follower for any reason failed to descend by its own weight, the bucket would continue because the rope which went through the follower moved independently through an aperture in the follower. If the follower descended, the purpose of it was to confine the sway of the bucket to a sway of twenty feet instead of the possible sway from a depth of over 300 feet. On the occasion in question the follower got caught, did not follow, and after the bucket left it

which should have supported it, it fell and detached the bucket from the swivel support by breaking the rope. Four persons were killed at once, and the plaintiff was permanently injured. The appliance was neither reasonably safe or prudent. The follower should have been attached to the bucket in some way so that when the follower stopped the car would stop. This would give notice at the top of the shaft to stop lowering the bucket and its attachments until the obstruction was removed.

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Juagment affirmed, with costs.