JOHN R. AULD, Appellant, v. THE MANHATTAN LIFE INSURANCE COMPANY, Respondent.

<div style="float:right; border:1px solid">34 491<br>a165a610</div>

*Negligence — accident on a passenger elevator having a door operated by a button in the floor — proof of notice of the dangerous construction of the door and of similar accidents — negligence of the master co-operating with that of a fellow-servant of an injured employee.*

A corporation owning a large office building in the city of New York equipped a passenger elevator therein with a heavy iron door which opened when the elevator man pressed a button in the floor of the car with his foot, and closed with force when the pressure was removed, it being impossible, after the door commenced to close, to stop it by again pressing the button.

In an action against the corporation by an employee thereof to recover damages for personal injuries sustained by him in consequence of being caught by the door, which suddenly closed while he was attempting to enter the elevator,

*Held,* that proof that the superintendent of the building had complained of the door to the defendant's president, and that at least one other person had been caught by the door in substantially the same way that the plaintiff had, was competent, and that if given it presented a question for the jury whether an elevator door so constructed that if the operator was pushed or jostled by the persons riding in the car, or if he inadvertently or carelessly removed his foot from the button, the door was at once freed from his control and was likely to produce injury to a person entering the car, was a safe appliance to be used under the circumstances;

That, assuming that the plaintiff was a fellow-servant of the elevator man, and that the accident resulted from the negligence of the latter in removing his foot from the button, such facts would not be fatal to the plaintiff's recovery, as a master is liable in case his negligence co-operates with that of a co-servant in producing injury to an employee.

APPEAL by the plaintiff, John R. Auld, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 26th day of January, 1898, upon the dismissal of his complaint by direction of the court after a trial at the New York Trial Term.

*Sumner B. Stiles,* for the appellant.

*Charles C. Nadal,* for the respondent.

McLAUGHLIN, J. :

This action was brought to recover damages for personal injuries caused by the defendant's negligence. Upon the trial the plaintiff was nonsuited, and from the judgment entered thereon he has appealed.

In determining whether the learned trial court erred in thus summarily disposing of the case, the plaintiff is entitled to have the testimony considered in the manner most favorable to him, and he is also entitled to the benefit of any inference of fact that can fairly be drawn from it. Turning then to the testimony as it appears in the record before us, it will be found that the defendant at the time in question was the owner and in possession of a large building upwards of sixteen stories in height, situated on one of the principal streets in the business portion of the city of New York; that a portion of the building was occupied by the defendant, but the greater part by tenants — lawyers, brokers, etc. — for business purposes; that the defendant, for the benefit of the tenants and its employees, had placed and was operating in the building a passenger elevator, the door of which was iron and weighed about 200 pounds; that this door worked automatically by a pneumatic pressure of about 25 pounds to the square inch, opening when the operator pressed a button on the floor of the car, and closing when the pressure was removed; that if the operator, either by accident or design, removed his foot from the button, the door quickly closed with force, and after it had started to close it could not be stopped by again pressing the button; that most elevator doors were opened and closed in a different manner — with the hand; that the plaintiff was an employee of the defendant, acting in the capacity of cashier in one of its departments for a given compensation, and that he also had the right to solicit insurance outside the building, for which he was paid a commission upon the insurance obtained; that on the 3d day of September, 1895, he attempted to enter the elevator in question for the purpose of going to his office on the fifteenth floor, when the door suddenly closed, catching and holding him in such a position that before he could extricate himself or the elevator be stopped, one of his legs was fractured in two places. The plaintiff also sought to prove, but upon the objection of the defendant's counsel the evidence was excluded, that prior to the time he was injured, the superintendent of the building had complained of the door to the defendant's president, and that at least one other person had been caught by the door in substantially the same way that the plaintiff was.

We think the evidence referred to, which was excluded, was

admissible, and that the plaintiff's exceptions to the rulings of the trial court in excluding it were well taken. Indeed, it cannot seriously be questioned that it was proper for the plaintiff to show the occurrence of other accidents for the purpose of making it appear that the defendant had been warned of the dangerous character of the elevator provided for the use of the tenants in the building. (*Brady* v. *Manhattan R. Co.*, 127 N. Y. 46; *Newall* v. *Bartlett*, 114 id. 399; *Cavanagh* v. *O'Neill*, 27 App. Div. 48.) Assuming, therefore, that the plaintiff had been permitted to prove these facts, can it be doubted that the case as then presented would have been one for the jury? The general rule is, that where the circumstances are such that men of ordinary prudence and judgment might differ as to the character of the act under the circumstances of the case, or where different inferences might be drawn from the testimony, then the question must be submitted to and determined by the jury. (*Thurber* v. *Harlem, etc., R. R. Co.*, 60 N. Y. 331; *Hays* v. *Miller*, 70 id. 112; *Connolly* v. *Knickerbocker Ice Co.*, 114 id. 104.) The danger of operating an elevator equipped as this one was, in a large building occupied by many business people in a populous city, was obvious. If the operator was pushed or jostled by the persons riding in the car, or if he inadvertently or carelessly removed his foot from the button, the door was at once freed from his control and nothing but injury could result to a person who was then entering the car. The least that can be said is that men of ordinary prudence, judgment and discretion might differ as to whether it was a safe appliance to use under the circumstances. The language of the Court of Appeals, speaking through RUGER, Ch. J., in reversing the judgment in *Stringham* v. *Stewart* (100 N. Y. 516), where a nonsuit was granted upon the trial, is applicable to the facts here presented. It is there said: "The danger of so constructing an elevator as to require unremitted attention and faultless accuracy on the part of a fallible agency in the application of power thereto in order to avoid serious injury to persons transported on it, is so obvious that it needs neither proof nor argument to establish its existence." The same principle was enunciated in *Tonkins* v. *N. Y. Ferry Co.* (47 Hun, 562).

The defendant, however, insists that the accident was caused by the negligence of the operator in removing his foot from the button, and that, inasmuch as he was a fellow-servant of the plaintiff,

the nonsuit was properly granted. The conclusion we have reached renders it unnecessary for us to determine at this time whether the plaintiff and the operator were co-servants. The rule is well settled that where the negligence of the master and that of a co-servant co-operate in producing an injury to an employee, the master is nevertheless liable; "that a fellow-servant may, by care and caution, operate a dangerous and defective machine so as not to produce an injury to the others, does not exempt the master from his liability for an omission to perform the duty which the law imposes upon him of exercising reasonable care and prudence in furnishing safe and suitable appliances for the use of his servants. The rule which excuses the master under such circumstances presupposes that he has performed the obligations which the law imposes upon him, and that the injury occurs solely through the negligence of the co-employee." (*Stringham* v. *Stewart*, *supra*. See, also, *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368.)

It follows from what has been said that the plaintiff's exceptions to the rulings of the trial court in excluding the evidence referred to and in granting the nonsuit were well taken, and that the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.