### AULD v. MANHATTAN LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. NONSUIT—REVIEW—EVIDENCE.
   On review of a judgment of nonsuit, the evidence should be considered in the manner most favorable to plaintiff, who is entitled to the benefit of any inference of fact that can fairly be drawn from it.

2. NEGLIGENCE—INJURIES—EVIDENCE—OTHER INJURIES.
   In an action for damages for injuries caused by the dangerous construction of an elevator door, evidence of previous accidents caused by the door, brought to notice of owner of building, is admissible.

3. TRIAL—QUESTION FOR JURY.
   Where different inferences might be drawn from the testimony on a certain point, the question must be submitted to a jury.

4. ELEVATORS—SAFETY—QUESTION FOR JURY.
   Whether an elevator door, which closes by pneumatic pressure operated by button in the floor, and which closes with force when the operator's foot is removed from the button, and which, when it has once started to close, cannot be stopped, is a dangerous appliance, is for the jury.

5. MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANT.
   Where the negligence of a master and co-servant co-operate in causing an injury to an employé, the fact that the co-servant is a fellow servant does not relieve the master from liability.

Appeal from trial term, New York county.

Action by John Auld against the Manhattan Life Insurance Company. From a judgment of nonsuit, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Sumner B. Stiles, for appellant.
Charles C. Nadal, for respondent.

McLAUGHLIN, J.  This action was brought to recover damages for personal injuries caused by the defendant's negligence.  Upon the trial the plaintiff was nonsuited, and from the judgment entered thereon he has appealed.  In determining whether the learned trial court erred in thus summarily disposing of the case, the plaintiff is entitled to have the testimony considered in the manner most favorable to him, and he is also entitled to the benefit of any inference of fact that can fairly be drawn from it.  Turning, then, to the testimony as it appears in the record before us, it will be found that the defendant at the time in question was the owner and in possession of a large building, upwards of 16 stories in height, situated on one of the principal streets in the business portion of the city of New York; that a portion of the building was occupied by the defendant, but the greater part by tenants,—lawyers, brokers, etc.,—for business purposes; that the defendant, for the benefit of the tenants and its employés, had placed and was operating in the building a passenger elevator, the door of which was iron, and weighed about 200 pounds; that this door worked automatically by pneumatic pressure of about 25 pounds to the square inch, opening when the operator pressed a button on the floor of the car, and closing when the pressure was removed; that if the operator, either by accident or design, removed his foot from the button, the door quickly closed with force, and after it had started to close it could not be stopped by again pressing the button; that most elevator doors were opened and closed in a different manner (with the hand); that the plaintiff was an employé of the defendant, acting in the capacity of cashier in one of its departments for a given compensation, and that he also had the right to solicit insurance outside the building, for which he was paid a commission upon the insurance obtained; that on the 3d day of September, 1895, he attempted to enter the elevator in question for the purpose of going to his office on the fifteenth floor, when the door suddenly closed, catching and holding him in such a position that before he could extricate himself, or the elevator be stopped, one of his legs was fractured in two places.  The plaintiff also sought to prove, but upon the objection of the defendant's counsel the evidence was excluded, that prior to the time he was injured the superintendent of the building had complained of the door to the defendant's president, and that at least one other person had been caught by the door in substantially the same way that the plaintiff was.

We think the evidence referred to, which was excluded, was admissible, and that the plaintiff's exceptions to the rulings of the trial court in excluding it were well taken.  Indeed, it cannot seriously be questioned that it was proper for the plaintiff to show the occurrence of other accidents for the purpose of making it appear that the defendant had been warned of the dangerous character of the elevator provided for the use of the tenants in the building.

Brady v. Railroad Co., 127 N. Y. 46, 27 N. E. 368; Newhall v. Bart-
lett, 114 N. Y. 399, 21 N. E. 990; Cavanagh v. O'Neill, 27 App. Div.
48, 50 N. Y. Supp. 207. Assuming, therefore, that the plaintiff had
been permitted to prove these facts, can it be doubted that the
case as then presented would have been one for the jury? The
general rule is that, where the circumstances are such that men of
ordinary prudence and judgment might differ as to the character
of the act under the circumstances of the case, or where different
inferences might be drawn from the testimony, then the question
must be submitted to and determined by the jury. Thurber v.
Railroad Co., 60 N. Y. 331; Hays v. Miller, 70 N. Y. 112; Connolly
v. Ice Co., 114 N. Y. 104, 21 N. E. 101. The danger of operating an
elevator equipped as this one was, in a large building occupied by
many business people in a populous city, was obvious. If the oper-
ator was pushed or jostled by the persons riding in the car, or if
he inadvertently or carelessly removed his foot from the button,
the door was at once freed from his control, and nothing but injury
could result to a person who was then entering the car. The least
that can be said is that men of ordinary prudence, judgment, and
discretion might differ as to whether it was a safe appliance to use
under the circumstances. The language of the court of appeals,
speaking through Ruger, C. J., in reversing the judgment in String-
ham v. Stewart, 100 N. Y. 516, 3 N. E. 575, where a nonsuit was
granted upon the trial, is applicable to the facts here presented.
It is there said: "The danger of so constructing an elevator as to
require unremitted attention and faultless accuracy on the part
of a fallible agency, in the application of power thereto, in order to
avoid serious injury to persons transported on it, is so obvious that
it needs neither proof nor argument to establish its existence."
The same principle was enunciated in Tonkins v. Ferry Co., 47 Hun,
562.

The defendant, however, insists that the accident was caused by
the negligence of the operator in removing his foot from the button,
and that, inasmuch as he was a fellow servant of the plaintiff, the
nonsuit was properly granted. The conclusion we have reached
renders it unnecessary for us to determine at this time whether the
plaintiff and the operator were co-servants. The rule is well set-
tled that, where the negligence of the master and that of a co-
servant co-operate in producing an injury to an employé, the mas-
ter is nevertheless liable; "that a fellow servant may, by care and
caution, operate a dangerous and defective machine so as not to
produce an injury to others, does not exempt the master from his
liability for an omission to perform the duty which the law im-
poses upon him of exercising reasonable care and prudence in fur-
nishing safe and suitable appliances for the use of his servants.
The rule which excuses the master under such circumstances pre-
supposes that he has performed the obligations which the law im-
posed upon him, and that the injury occurs solely through the neg-
ligence of the co-employé." Stringham v. Stewart, supra. See, also,
Pantzar v. Mining Co., 99 N. Y. 368, 2 N. E. 24.

It follows from what has been said that the plaintiff's exceptions

to the rulings of the trial court in excluding the evidence referred to and in granting the nonsuit were well taken, and that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.