SARA WEISMAN, as Guardian ad Litem of SHIRLEY WEISMAN, an Infant, et al., Respondents, v. CAMP BEECHER, INC., Appellant.

First Department, June 1, 1945.

*Clarence S. Zipp* of counsel (*Paul D. Carrigg* with him on the brief; *Daniel Miner*, attorney), for appellant.

*Samuel Weisman* for respondents.

CALLAHAN, J. The infant plaintiff, who was attending a recreation camp conducted by the defendant, was injured when she fell from a table upon which she had been standing for the purpose of hanging banners or similar decorations on a wall in the mess hall.

Plaintiff was known as a " counsellor in training ", being a camper who received reduced rates while she was learning to act as a counsellor. She had been directed by a senior counsellor to accompany another girl, one Selma Rosemarin, who was either a senior or junior counsellor (in any event, a camper of superior rank to plaintiff), to install the decorations. Selma directed the plaintiff to stand on a small table which was ordinarily used as a dining room serving table.

The case was submitted to the jury on the theory that the table was in a defective condition, of which defect defendant had constructive notice prior to the happening of the accident, and that defendant was guilty of negligence in failing to inspect it. We find little evidence to establish that there was any particular structural defect or condition of lack of repair of the table, although plaintiff said it was " wobbly ", and that it " collapsed." The proof of notice, if any existed, depended wholly upon inferences to be drawn from the somewhat hazy proof concerning the condition of the table. We deem, however, that the affirmance of the judgment in plaintiff's favor is warranted in that the jury was entitled to find from the evidence that an unstable serving table was a facility unsuitable and inadequate

to do the work at hand, and that to permit the use thereof as a supporting structure by a child of plaintiff's age was dangerous. The evidence also warranted a finding that the selection of the instrumentalities to be employed in performing the work was delegated to Selma Rosemarin, who stood in the place of the defendant in discharging such duty, and that her negligence in that office was chargeable to defendant as an omission of a duty enjoined upon defendant.

In *Benzing* v. *Steinway and Sons* (101 N. Y. 547, 551–552) the court said: "It has been repeatedly held that the risks of the service which a servant assumes, in entering the employment of a master are those only which occur, after the due performance by the employer, of those duties which the law enjoins upon him, and that the negligence of the master co-operating, with that of a servant in producing injury to a co-servant, renders the master liable. (*Stringham* v. *Stewart*, 100 N. Y. 516 and cases cited.) It was said by Chief Judge CHURCH, in *Flike* v. *B. & A. R. R. Co.* (53 N. Y. 549), that the true rule 'is to hold the corporation liable for negligence in respect to such acts and duties as it is required to perform as master without regard to the rank or title of the agent intrusted with their performance. As to such acts the agent occupies the place of the corporation, and the latter is liable for the manner in which they are performed.' Judge RAPALLO states the rule in *Crispin* v. *Babbitt* (81 N. Y. 521) to be that it depends 'upon the character of the act in the performance of which the injury arises without regard to the rank of the employe performing it. If it is one pertaining to the duty the master owes to his servants he is responsible to them for the manner of its performance.' * * *."

Therefore, whether we consider that defendant's liability in this case was controlled by the rules of law applicable to an ordinary master and servant relationship, or by those applicable to a contractual obligation of due care of a camper, the result would be the same.

Upon the trial of the present case, defendant took no exceptions to the court's charge to the jury, nor did it make any request to have submitted any issue concerning the adequacy of the table as a facility for doing the work involved, nor as to the authority bestowed upon Selma Rosemarin to designate its use.

The judgment should be affirmed, with costs.

GLENNON, UNTERMYER and COHN, JJ., concur; MARTIN, P. J., dissents and votes to reverse and dismiss the complaint.

Judgment affirmed, with costs.