lished by the proof they are entitled to recover the reasonable value of their services. This amount, however, could not include the $20 which was exacted from them by the undertaker Thomas as a condition of giving up the body. Even if that charge represented any services claimed to have been performed by Thomas, there is no evidence that the reasonable value of his services amounted to that sum or any other.

The judgment should be modified by deducting $20 from the amount of the recovery, and, as thus modified, affirmed, without costs of this appeal to either party. All concur.

(89 App. Div. 324.)

BARUTH v. POUGHKEEPSIE CITY & W. F. ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CARRIERS OF PASSENGERS—NEGLIGENCE—EVIDENCE—NOTICE OF DEFECTS—EFFECT OF RAILROAD LAW.

The Railroad Law (Laws 1890, p. 1131, c. 565, § 162, as amended by Laws 1892, p. 1416, c. 676) providing that no examination, request, or advice of the board of commissioners shall impair in any manner or degree the legal rights, duties, or liabilities of a railroad corporation, does not operate to render inadmissible, in an action for injuries to a passenger, a communication to an electric railroad from the railroad commissioner, made after inspection about a year before the accident, recommending the adoption of certain safeguards at the place of the accident.

2. SAME.

Notice to a railroad of a defect from which injury to a passenger has resulted is competent and cogent evidence in an action for the injury, irrespective of the source of the notice.

Appeal from Trial Term, Dutchess County.

Action by Helen Baruth, as administratrix of David Baruth, deceased, against the Poughkeepsie City & Wappinger's Falls Electric Railway Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Gibson Putzel (Benjamin G. Paskus, on the brief), for appellant.
William H. Wood (Frank B. Lown, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff's decedent was a passenger on one of the defendant's trolley cars going westerly down Main street, in the city of Poughkeepsie, on the 3d day of December, 1901. There was slush and snow at the time upon the track, and the motorman was unable to control the car with the appliances furnished him. As a result, the car attained such headway in going down the hill that when it reached the end of the track it was derailed, and, crossing the dock at the foot of Main street, it went over the stringpiece and into the Hudson river, killing the plaintiff's decedent.

The learned trial justice charged the jury (and the charge was acquiesced in by the defendant to the extent that no exception was taken) that the measure of the defendant's duty in the premises was the obligation to exercise "the highest degree of care and the highest

degree of skill which human foresight can provide." While the jury would have been undoubtedly justified in finding from the evidence that the defendant had failed to conform to that extreme standard of care, it cannot be said that the result reached by them would necessarily be disturbed upon appeal merely because it acquitted the defendant, upon the facts stated, from the charge of negligence. But it would seem that the judgment should be reversed for an error in ruling upon the evidence by which one fact sought by the plaintiff to be brought to the attention of the jury was excluded, and which if admitted might have had an important bearing upon the result of their deliberations. It appears that the defendant's road had been officially inspected by or on behalf of the State Board of Railroad Commissioners in the month of June, 1900, and that the result of the inspection had been communicated to the defendant, embracing specific recommendations which included the placing of a large timber as a safeguard across the rails at the end of the track near the river. This communication was excluded when offered as evidence, apparently on the ground that it was made incompetent as testimony by section 162 of the railroad law. Chapter 565, p. 1131, Laws 1890, as amended by chapter 676, p. 1416, Laws 1892. That section provides as follows:

"No examination, request or advice of the board, nor any investigation or report made by it, shall have the effect to impair in any manner or degree the legal rights, duties or obligations of any railroad corporation, or its legal liabilities for the consequence of its acts, or of the neglect or mismanagement of any of its agents or employés."

I can see nothing in this provision which makes the fact incompetent as evidence that prior to an accident the attention of a railroad corporation was called to a dangerous condition of its road, which dangerous condition subsequently caused the accident complained of. Notice to the company of the defect from which injury has resulted is always deemed competent and cogent evidence in cases of this character, irrespective of the source from which the notice may have emanated. Newall v. Bartlett, 114 N. Y. 399, 21 N. E. 990; Auld v. Manhattan Life Ins. Co., 34 App. Div. 491, 54 N. Y. Supp. 522, affirmed in 165 N. Y. 610, 58 N. E. 1085. Had any irresponsible individual warned the defendant that it was hazardous to leave the track without some guard at the foot of Main street, the warning would not affect its legal rights, but would be competent evidence. Certainly there is nothing in the language of the statute which suggests that the examination, request, advice, investigation, or report of the board may not be received in evidence on the trial of a case of this character. The section referred to relates only to the legal effect upon the rights, duties, obligations, and liabilities to be given to the recommendations and actions of the board. Such action cannot change these rights and liabilities as matter of law. The Board of State Commissioners has in itself no power to enforce its decisions, compliance with which can only be compelled by mandamus to be issued by the Supreme Court, subject to appeal; and the clause which I have quoted expressly limits the effect of the action of the board to the extent that such action shall not "impair," that is, weaken or diminish, the legal liabilities of the corporation for its negligence. The language is quite appropriate to

the idea that the corporation cannot shelter itself, as matter of law, behind the advice or report of the board, to avoid the consequences of neglect or mismanagement, but it seems a strained construction to hold that such advice or report cannot be taken into consideration by a jury in determining the question of neglect or mismanagement as one of fact. It is true that the legal rights of the company are not to be impaired by the action of the board, nor would they be impaired by the admission of proof of such action. The liability would still rest upon the fact of negligence, notwithstanding the company had the legal right to maintain its road in the condition that it did, in so far as concerns the action of the State Board of Railroad Commissioners. But on that question of fact it seems to me that an official notification to the company from a competent and qualified source, made more than a year before the accident, calling attention to existing conditions as dangerous, and suggesting an easy and appropriate remedy, which notification was wholly neglected and disregarded, must be legitimate evidence in an action between the railroad company and a person injured by the alleged neglect, in the absence of a clear legislative prohibition of the use of such notification as evidence.

In this view, the judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.