(49 Misc. Rep. 646)

### WINDELS v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. February 27, 1906.)

CARRIERS—INJURY TO PASSENGER ALIGHTING—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

 In an action against a street railroad company by a passenger who was injured by falling through a space between the car and the station platform while alighting, evidence *held* to justify submission to the jury of the question of defendant's negligence.

 [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1153, 1315.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry Windels against the Interborough Rapid Transit Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

David Paine, for appellant.

Charles A. Gardiner, for respondent.

GREENBAUM, J.  The plaintiff brought this action for damages resulting from injuries alleged to have been sustained by falling through a space of the width of about a foot between the car and station platforms while alighting as a passenger from one of the cars of defendant at the subway station at Fourteenth street in this city. The accident happened during the "rush hours," and while plaintiff was surrounded by a considerable number of passengers, who were pushing their way from the car to the station.  Plaintiff testified that he had alighted at this station about three or four times before, was not aware of the existence of the space or opening of the width of a foot, and that no warning of any danger from the opening was given by defendant.  The complaint was dismissed after plaintiff rested.

It seems to me that upon the facts established this was error. There was no evidence of a negligent construction (Ryon v. Manhattan Ry. Co., 121 N. Y. 126, 23 N. E. 1131), but, considering that the plaintiff testified that he had no knowledge of the existence of such an opening, that the accident happened while many passengers were crowding upon and around him, and that no warning was given to passengers as to the peculiar danger that was lurking at the place of alighting, it was the duty of the court to submit to the jury the question of defendant's negligence in failing to guard this space, or warn passengers of the danger incident to its existence, and the question of plaintiff's contributory negligence.  Langin v. New York & Brooklyn Bridge, 10 App. Div. 529, 42 N. Y. Supp. 353.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.