JOSEPHINE BOYCE, Respondent, v. THE MANHATTAN RAILWAY COMPANY, Appellant.

In an action to recover damages for injuries, alleged to have been caused by defendant's negligence, it appeared that the platform of one of its stations is built on a curve; and so, that while the middle part of each car stopping there comes close to the platform the ends are about fourteen inches therefrom, and there is an open space between the steps of the car and the station platform of about that width. Plaintiff, a passenger, in attempting to alight from a car at this station was injured by falling into this opening. She had never landed there before; the space between the steps of the car and the platform was left open and unguarded; no warning or assistance was given by the persons in charge of the train, and there was but a single light at the station which was quite remote from the point where the accident occured. There was evidence to the effect that it was so dark at the time that the hole could not be seen. *Held,* the question of defendant's negligence, and of contributory negligence on the part of the plaintiff was properly submitted to the jury; that defendant, by stopping its trains at the point in question, invited its passengers to alight there and was charged with the duty of using due care to provide proper and safe means of getting from its cars to the platform ; that if the open space was necessary, owing to the peculiarities of the location, some precaution adapted to it should have been used, such as throwing a plank across, or stationing a trainman to assist passengers in alighting; at least it should have been well lighted, so that the hole could have been easily seen and the danger avoided; also, that plaintiff, being ignorant of any circumstance requiring the use of special care, was relieved from showing that she exercised it; that under the circumstances, which she had a right to assume existed, she was under no obligation, as matter of law, to look before she put her foot down, but it was for the jury to decide whether she should have been more vigilant and whether, had she looked, she could have seen the hole.

Reported below (22 J. & S. 286).

(Argued December 18, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 14, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover damages for personal injuries caused by the alleged negligence of the defendant.

The facts are sufficiently stated in the opinion.

*Samuel Blythe Rogers* for appellant.   Not only is there no evidence on the plaintiff's part of freedom from contributory negligence, but such contributory negligence affirmatively appears from the uncontradicted evidence.   (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Reynolds* v. *N. Y. C., etc., R. R. Co.*, 58 id. 248; *Cordell* v. *N. Y. C., etc., R. R. Co.*, 75 id. 330, 332–333; *Tolman* v. *S., etc., R. R. Co.*, 98 id. 198, 202, 204; *Galvin* v. *Mayor, etc.*, 112 id. 223, 228; *Hart* v. *H. R. B. Co.*, 84 id. 56; *Hanrahan* v. *M. R. Co.*, 53 Hun, 420; *Cummins* v. *City of Syracuse*, 100 N. Y. 637; *Dubois* v. *City of Kingston*, 102 id. 219; *Palmer* v. *P. R. R. Co.*, 111 id. 488; *Taplin* v. *R. R. Co.*, 106 id. 136, 142.)

*T. Henry Dewey* for respondent.   There was no error committed in the ruling in regard to the admission of testimony. (*Crosby* v. *Day*, 81 N. Y. 242; *Bergman* v. *Jones*, 94 id. 51; *Levin* v. *Russell*, 42 id. 251; *Quimby* v. *Strauss*, 90 id. 664; *Crosby* v. *Day*, 81 id. 242; 1 Greenleaf on Evidence, § 102; *Teachout* v. *People*, 41 N. Y. 7; *Guitermann* v. *S. Co.*, 83 id. 358, 366.)   Four witnesses testified that the hole existed and was unguarded, and that there was no light upon the platform near the place of the accident, and that it was so dark that they could not see the hole.   This was conclusive proof of negligence.   (S. & R. on Neg., § 447; *Martin* v. *G. N. R. Co.*, 16 C. B. 179; *Cornman* v. *E. C. R. Co.*, 4 H. & N. 781.) The claim that in cases where the defendant is passive and the plaintiff active, that the want of contributory negligence must be proved by direct testimony, and cannot be inferred from circumstances, is not supported by principle or authority. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 64; *Tolman* v. *S., etc., R. R. Co.*, 98 id. 198; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430; *Lea* v. *Troy, etc., Gas Co.*, 98 id. 115; *Maher* v. *Cent. Park, etc., R. R. Co.*, 67 id. 52; *Jones* v. *N. Y. C. R. R. Co.*, 10 Abb. [N. C.] 200; *Tabor* v. *D., etc., R. R. Co.*, 71 id. 489; *Nowell* v. *Mayor, etc.*, 54 Supr. Ct. 382; *Mayo* v. *B., etc., R. R. Co.*, 104 Mass. 137; *Prentiss* v. *Boston*, 112 id. 43; *Bill* v. *Smith*, 39 Conn. 206;

*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 64 ; *Morrison* v. *N. Y. C. R. R. Co.*, 63 id. 643 ; *N. C. R. R. Co.* v. *State*, 31 Md. 357 ; *Gay* v. *Winter*, 34 Cal. 153 ; *McDougal* v. *C. R. R. Co.*, 63 id. 431 ; *Greenleaf* v. *I. C. R. R. Co.*, 29 Iowa, 14 ; *Allen* v. *Willard*, 57 Penn. St. 374 ; *C., etc., R. R. Co.* v. *Rowan*, 66 id. 393 ; *Thomas* v. *D., etc., R. R. Co.*, 29 Fed. Rep. 731 ; *Thomas* v. *D., L. & W. R. R. Co.*, 11 Rep. 739 ; *Willey* v. *Mulledy*, 78 N. Y. 310 ; *Hart* v. *H. R. B. Co.*, 80 id. 622 ; *Mahony* v. *City of Buffalo*, 91 id. 657 ; *Schwandner* v. *Birge*, 33 Hun, 186 ; *Cassidy* v. *Angel*, 12 R. I. 447 ; *Tolman* v. *S., etc., R. R. Co.*, 98 N. Y. 198 ; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 id. 248 ; *Greenleaf* v. *I. C. R. R. Co.*, 20 Iowa, 14 ; *Brown* v. *C. P. R. R. Co.*, 68 Cal. 171 ; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 64 ; *Schwandner* v. *Birge*, 33 Hun, 186 ; *Cassidy* v. *Angel*, 12 R. I. 447.) Admitting, for the purpose of argu ment only, that the case at bar from its nature comés within the rule sought to be established by the defendant, and positive evidence is necessary to prove the want of contribu tory negligence, there is such evidence that the plaintiff did all those things which the defendant claims to be essential to her recovery. (*Tolman* v. *S., etc., R. R. Co.*, 98 N. Y. 198 ; *Becht* v. *Corbin*, 92 id. 558 ; *Connolly* v. *N. Y. C. R. R. Co.*, 88 id. 346 ; *Greany* v. *L. I. R. Co.*, 101 id. 409 ; *Hoffman* v. *U. F. Co.*, 68 id. 386 ; *Bell* v. *N. Y. C. R. R. Co.*, 29 Hun, 560 ; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622 ; *Northrup* v. *N. Y. O., etc., R. R. Co.*, 37 Hun, 295 ; *Vorst* v. *L. S., etc., R. R. Co.*, 54 id. 346 ; *Kellogg* v. *C. R. R. Co.*, 79 id. 72.) The damages awarded were not excessive. (*Coleman* v. *South wick*, 9 Johns. 51 ; *Austin* v. *S. & R. R. R. Co.*, 20 Barb. 285 ; *Hegeman* v. *W. R. R. Co.*, 16 id. 353 ; *Minick* v. *City of Troy*, 19 Hun, 253 ; *Bierbauer* v. *R. R. Co.*, 77 N. Y. 588 ; *Gale* v. *R. R. Co.*, 13 Hun. 1 ; 2 Wood's Railway Law, 1226, note 2.) The verdict was not contrary to the evidence, and should not be disturbed. (*Cornman* v. *E. C. R. Co.*, 14 H. & N. 787 ; Sher. & Red. on Neg. 518, note 2 ; *N. J. R. R. Co.* v. *Kennard*, 21 Penn. St. 203 ; Pierce on Am. R. Law, 475 ; *Hegeman* v. *W. R. Co.*, 13 N. Y. 9.)

VANN, J.    The defendant, as a carrier of passengers, operates a line of elevated railway, extending from Harlem to South ferry in the city of New York.    The east platform of the South ferry station is built on a curve and each car, as it stops there, touches the curve at a tangent, so that the middle part is within one or two inches of the platform, while the ends are about fourteen inches therefrom.    The result of this is an open space between the steps of the car and the platform of the station, several feet long and fourteen inches wide.    On the 25th of January, 1885, the plaintiff was a passenger upon a train of the defendant which reached South ferry at about half past six in the evening.    Accompanied by three friends she left the car and attempted to reach the platform of the station.    She was not familiar with the locality, having never landed there before, and the space between the steps of the car and said platform was open and unguarded.    Nothing was put across the hole for passengers to step on as they alighted and no warning or assistance was given by the persons in charge of the train.    If the passengers saw the hole they could step across it, but unless they saw it there was nothing to prevent them from stepping into it.    As the jury is presumed to have found, upon sufficient evidence, there was but a single light from one end of the station to the other and that was at a point quite remote from the open space in question.    While some light came through the car windows it did not reach the hole, which was in the shadow of the end and lower part of the cars.    The plaintiff was the third in the little procession of four as it approached this spot.    Her brother, who was in advance, stepped off first and just reached the edge of the platform of the station with the tip of his right foot and was forced to make a quick step with his left foot in order to save himself from falling into the open space.    As he turned to give warning to the others he was pushed forward by his younger sister, Rhoda, who closely followed him and whose dress covered the hole so that it could not be seen.    When the plaintiff, who was just behind her sister, attempted to cross she stepped into the open space, fell through the hole and was severely injured.    There was

evidence tending to show that it was so dark that the hole could not be seen.

It is not essential to inquire why the railroad was constructed with so sharp a curve at the place where this accident occurred, nor whether the defendant is responsible for the way that the South ferry station was built. By stopping its trains at the point in question, it invited the passengers to alight and was thereby charged with the duty of using due care to provide proper and safe means of getting from the platform of the cars to the platform of the station. Even if the open space was necessary, owing to the peculiarities of the location, it was not necessary to leave it unguarded or unlighted. Some precaution, adapted to the situation, could have been used, such as throwing a plank across, or stationing a trainman to warn and assist passengers in alighting. At least the unguarded hole could have been well lighted, so as to be easily seen, and the passengers thus enabled to avoid the danger. We think that the evidence required the submission of the case to the jury for them to determine whether, under all the circumstances, the defendant was guilty of negligence that caused the injuries sustained by the plaintiff. (*Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 127; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 N. Y. 145; *Sexton* v. *Zett*, 44 N. Y. 430; *Weston* v. *N. Y. E. R. R. Co.*, 73 N. Y. 595; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 605; *Dobiecki* v. *Sharp*, 88 N. Y. 203.)

The statement of facts already made is a sufficient answer to the claim of the defendant that the plaintiff was guilty of contributory negligence, as matter of law, and that no question in that regard was presented for the consideration of the jury. In the cases cited in support of this position the person injured knew, or should have known, of the danger to be encountered and hence was required to give general evidence that he exercised proper care, but in this case the plaintiff was ignorant of any circumstance requiring the use of special care and hence was relieved of the necessity of showing that she used special care. While the actual situation was dangerous, the apparent situation was free from danger. With her limited knowledge of the facts,

what should she have done that she did not do? Ordinarily what everybody does is all that anybody need do. Unconscious ·of danger, she did what the other passengers did. If she had known of the hole, or if it had been light enough for her to see it by the exercise of ordinary care, a different question would have been presented. Under the circumstances, which she had the right to assume existed, she was under no obligation, as matter of law, to look before she put her foot down, but it was a question of fact for the jury to decide not only whether she should have been more vigilant, but, also, whether, if she had looked, she could have seen the hole in the surrounding ·darkness. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 643; *Taber* v. *D., L. & W. R. R. Co.*, 71 N. Y. 489; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622.)

The circumstances did not require that freedom from contributory negligence should be shown by direct testimony, but they permitted the inference to be drawn from the general tendency of all the evidence in favor of the plaintiff.

As no other question has been presented for consideration we think that the judgment should be affirmed.

All concur.

Judgment affirmed.