ANASTASIA BRADY, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

In an action to recover damages for injuries received by plaintiff, a passenger upon defendant's elevated railroad, in alighting from one of its cars, by slipping between the platform of the car and that of the station, plaintiff claimed that defendant had so negligently constructed its road as to leave a space between the platform and its cars greater than was necessary for the operation of the road. Plaintiff was allowed to prove, under objection and exception, the happening of similar accidents at other stations upon said road, without giving evidence tending to show that the conditions were similar. *Held* (VANN, J., dissenting), error.

*It seems* that the evidence would have been competent if evidence had been first adduced tending to show that the conditions were similar.

*Boyce* v. *Manhattan R. Co.* (118 N. Y. 314), distinguished.

(Argued April 8, 1891; decided April 28, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York,

entered upon an order made June 3, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict after trial of issues of fact before a jury, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Blythe Rogers* for appellant. The case should not have been submitted to the jury, because the defendant was not guilty of negligence in maintaining the space in question. (*Ryan* v. *M. R. Co.*, 121 N. Y. 126; *Steinway* v. *E. R. Co.*, 43 id. 123; *Smith* v. *N. Y. & H. R. Co.*, 19 id. 133; *Caldwell* v. *N. Y. S. Co.*, 47 id. 289; *Palmer* v. *P. R. R. Co.*, 111 id. 488; *Warren* v. *F. R. Co.*, 8 Allen, 227; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Dubois* v. *City of Kingston*, 102 id. 219.) The court erred in refusing to charge that defendant was entitled to a verdict if the space was less than five inches wide. (121 N. Y. 135–137.) Plaintiff was guilty of contributory negligence. (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248; *Dubois* v. *City of Kingston*, 102 id. 219; *Hanrahan* v. *M. R. Co.*, 53 Hun, 420; *Palmer* v. *P. R. R. Co.*, 111 N. Y. 488.) The learned trial judge erred in admitting evidence of other accidents at other places not similar to this one. (*Laflin* v. *B., etc, R. Co.*, 106 N. Y. 136; *Dougan* v. *C. T. Co.*, 56 id. 1, 7; *Loftus* v. *U. F. Co.*, 84 id. 455, 460; *Crocheron* v. *S. I. F. Co.*, 56 id. 656; *Englert* v. *Kruse*, 8 N. Y. S. R. 375; *Gilrie* v. *City of Lockport*, 33 id. 636; *Fillo* v. *Jones*, 2 Abb. Ct. App. Dec. 121; *Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603.) The learned trial judge erred in admitting testimony that the appliance which is used at the South Ferry station would be practicable at this station if only one train an hour were run. (*I. & S. L. R. R. Co.* v. *Horst*, 93 U. S. 291; *Laflin* v. *B., etc., R. Co.*, 106 N. Y. 136; *Palmer* v. *P. R. Co.*, 111 id. 488; *Kelly* v. *M. R. Co.*, 112 id. 118; *Ford* v. *L., etc., R. Co.*, 2 F. & F. 730; *Warren* v. *F. R. R. Co.*, 8 Allen, 227; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Fuller* v. *Talbot*, 23 Ill. 357.)

*Patrick A. Hendrick* for respondent. The court properly instructed the jury as to the degree of care required of the defendant towards the plaintiff, namely, "ordinary care." (*Weston* v. *N. Y. E. R. R. Co.*, 73 N. Y. 595; *Hoffman* v. *N. Y. C. R. R. Co.*, 75 id. 605; *Dobiecki* v. *Sharp*, 88 id. 203; *Boyce* v. *M. R. R. Co.*, 118 id. 314; *Timpson* v. *M. R. R. Co.*, 52 Hun, 489; *Merwin* v. *M. R. R. Co.*, 48 id. 608; *Tompkins* v. *N. Y. F. Co.*, 47 id. 227; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 40; *Griffin* v. *N. Y. C. R. R. Co.*, 40 id. 45; *Hickinbottom* v. *D., L. & W. R. R. Co.*, 15 N. Y. S. R. 16.) Testimony as to prior accidents was properly received. (*Quinlan* v. *City of Utica*, 11 Hun, 217; *Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Cleveland* v. *N. J. S. Co.*, 68 id. 306; *District of Columbia* v. *Ames*, 107 U. S. 519.) The court properly submitted to the jury the question of contributory negligence, if any, on the part of the plaintiff. (*Tompkins* v. *N. Y. F. Co.*, 49 Hun, 562; *Weston* v. *E. R. R. Co.*, 73 N. Y. 595.)

PARKER, J. The recovery had was for injuries sustained by the plaintiff while stepping off defendant's cars to the platform at the station situated at the intersection of Third avenue and Forty-second street.

The plaintiff testified that after the train had stopped in front of the platform of the station for the exit of passengers the doors and gates of the car in which she had been riding were opened and the passengers notified to leave the car; that thereupon, preceded by one of her companions, she attempted to pass from the car to the platform, but in so doing stepped between the platform of the car and the platform of the station and fell with great force, and as a result one leg was broken and other severe injuries sustained.

The plaintiff's contention on the trial was that this accident was wholly due to the negligence of the defendant in that it so constructed the platform as to cause a space of greater width between the car and the station platform than was necessary for the operation of its trains, and that by reason thereof

it was unsafe and dangerous to passengers passing to and from the station platform and the cars.

With the avowed object of showing that such space was unsafe and dangerous to passengers, and also for the purpose of charging the defendant with notice of the dangerous character of the facilities provided for the entrance and exit of passengers, the plaintiff gave evidence tending to show the happening of accidents at other stations on the elevated roads.

Whether some of the evidence thus adduced was improperly received we shall now consider.

Against the defendant's objection and exception, the witness Higgins was permitted to testify: "Q. Prior to March 16, 1887, had you ever in passing from the elevated cars to an elevated station platform yourself stepped between the platform? A. Yes, sir. Q. At what station was it? A. Fifty-third street and Eighth avenue. * * * At Fifty-third street and Eighth avenue the station platform is practically a straight line; I observed the distance that existed between the car platform and the station platform on the occasion when I passed through. Q. From your recollection and observation at that time, what was the distance? (Referring to width of space between car and platform.) A. Between eight and nine inches."

The witness Spatz also testified: "Q. State whether or not prior to March 16, 1887, you knew of any person in passing from the cars to the station platform, or from the station platform to the cars, to step into the space between the station platform and the platform of the car? A. Yes, sir. Q. Where and when? A. Seventy-sixth street and Third avenue. Q. Whereabouts and how often? A. In different stations; in different times; in different months. Q. If you can remember any one station or any one time, give us that time and place? A. Franklin Square; the platform there which adjoins the car platform is not a straight line. Q. How wide was the distance between the station platform and the car platform where that occurred? A. I should say from six to eight inches. Q. Before March 16, 1887, state some one case

when a person stepped between the car platform and the station platform ? A. At Chatham square ; as far as I can recollect that was about March, 1887 ; I cannot remember now whether it was before the sixteenth of March ; it was in March or in that direction ; I think it was in the early part of the month ; that is the best of my remembrance ; yes, sir. Q. And is the platform of that Chatham square station a straight line ? A. No, sir." The witness further testified that he was unable to remember any other case occurring before that time.

It was proper for the plaintiff to show the occurrence of other accidents at the station where the accident happened, for the purpose of making it appear that the defendant had been warned of the dangerous .character of the facilities provided by it for the exit of passengers, if dangerous they were. But it was not proper to prove the happening of accidents at other stations in the absence of evidence tending to show that the conditions were similar. The details of the accidents testified to, with the exception of the individual case of the witness Higgins, were not given, whether they occurred in the daytime or during the night, whether the stations were light or dark, and the platform of the car slippery or not, does not appear. It does not even appear that the distance between the platform of the car and the platform of the station was the same at the other stations where accidents are alleged to have occurred as at the station in question. Indeed, it affirmatively appears that the space was of greater width at two of the stations than at the station in question, where it did not exceed five inches. One of the plaintiff's witnesses, testifying with reference to the distance between the platforms of the cars and the station platforms, said that "none came up very close. The nearest, as near as I could judge, from three to four inches. Some stations came nearer and some farther. On the different construction of cars used by them at that time, the space allowed between the station platform and the car platform differed. Some were wider than others." Again, when stations are built on a curve, each car, as it stops, touches

the curve at a tangent, so that while the middle part of a car may be within one or two inches of the platform, the ends will be several inches therefrom, and in such cases the width of the space between the car platform and the station platform is greater than when the station is on a straight line, and two of the accidents testified to occurred at stations thus situated.

In *Boyce* v. *Manhattan Railway Company* (118 N. Y. 314), the plaintiff stepped into an open space between the platform of a car and the station platform which was built on a curve. It appeared that the width of such space was about fourteen inches, and this court affirmed the judgment recovered, not on the ground that the space was greater than necessary, owing to the peculiarities of the station, but because the jury were authorized to find that precautions adapted to the situation had not been taken by the defendant, it appearing, among other things, that the jury were authorized to find that the unguarded space had not been suitably lighted so as to enable the passenger to see it and thus avoid the danger. It would not be contended for a moment that evidence of such an accident as is described in the *Boyce* case would be admissible in a case like the one before us for any purpose. But the stations at Franklin Square and at Chatham Square, two of the stations designated by the witness Spatz as places where accidents had happened, were, as testified to by him, stations where the car platform is not on a straight line, and, for aught that appears, the evidence as to such accidents is as objectionable as would have been proof of the Boyce injury if offered for the same purpose.

Proof of the happening of a prior accident in the same place has frequently been held to be competent upon the ground that it tends to show that, tested by actual use, the place of the accident has been demonstrated to be unsafe and dangerous, but our attention has not been called to a case where proof of the occurrence of an accident in some other place has been held to be proper for that purpose. We think, however, that in a case like that before us, the evidence may become proper where evidence is first adduced tending to show

that the conditions are similar. If, for instance, the platform of the station at Franklin Square had been on a straight line as in this case, and the distance from the station platform to the car the same as here, we see no reason why evidence of accidents occurring there should not be received, if of such a character as would render evidence thereof competent had they occurred at the station in question.

As the views expressed call for a reversal of the judgment, we need not consider the other questions presented by the appellant.

The judgment should be reversed.

VANN, J. (dissenting). I dissent upon the ground that it was the duty of the defendant to use due care to protect its passengers, not only from dangers that were known, but also from such as could reasonably be apprehended. I think that the evidence in question was competent to prove notice to the defendant of the general nature of the danger to be guarded against at all of its stations and to prevent it from taking the position that no such accident had ever happened before, although many persons had daily used the means provided for entrance and exit. (*Dougan* v. *Champlain Transportation Co.*, 56 N. Y. 1, 7; *Cleveland* v. *New Jersey Steamboat Co.*, 68 id. 306, 313; *Loftus* v. *Union Ferry Co.*, 84 id. 455, 459, 460; *Hubbell* v. *City of Yonkers*, 104 id. 434, 439; *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 id. 136, 139; *McGovern* v. *Central Vermont R. R. Co.*, 123 id. 280, 287; *Quinlan* v. *City of Utica*, 11 Hun, 219; *S. C.*, 74 N. Y. 603.) For that purpose evidence that the conditions were substantially identical should not be required, but proof of general similarity should be deemed sufficient.

All concur with PARKER, J., except VANN, J., dissenting. Judgment reversed.