### WOOLSEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. CARRIERS—CARRIAGE OF PASSENGERS—NEGLIGENCE—PLATFORMS.
    That there was a space of 10 inches between the station and car platforms does not of itself constitute negligence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1143.]

2. SAME—TAKING UP PASSENGERS.
    Where, owing to the varying widths of a railroad company's cars, the space between the platform of a car and the station platform varied, it was the duty of the railroad company to use reasonable care to prevent accident by giving warning to one moving in the midst of a crowd of passengers seeking to board one of the narrower cars of the space between the platforms of the car and station.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1156.]

3. SAME—ACTION FOR INJURY—INSTRUCTIONS.
    A requested charge in an action for injury to a passenger respecting the "proximate or principal cause" was bad for using the word "principal," which is not a synonym of "proximate."

4. SAME—DUTY TO GIVE WARNING.
    Where a passenger knows of an opening between the car and station platforms, the railroad company is not liable for failure to give warning thereof.

Appeal from Trial Term, Kings County.

Action for personal injury by Lizzie Woolsey against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

D. A. Marsh, for appellant.
Adolph Ruger, for respondent.

MILLER, J. I am unwilling to decide that a jury may find negligence from the bare fact of the existence of a space of 10 inches (the credible testimony is that the space in the case at bar was 7½ inches) between the station and car platforms. The statement in the opinion in Ryan v. Manhattan R. Co., 121 N. Y. 126, 23 N. E. 1131, that "on a perfectly straight track 3 or 4 inches of separation would be all that necessity required and as much as should be usually maintained," is dictum. The court held that the negligence charged in that case was wholly unproved. The case of Boyce v. Manhattan R. Co., 118 N. Y. 314, 23 N. E. 304, dealt with the precautions which an elevated railway company should exercise where there was an open space 14 inches wide between the station and car platforms. It did not decide that negligence could be inferred from the existence of the space, standing alone. And, while Langin v. N. Y. & Brooklyn Bridge, 10 App. Div. 529, 42 N. Y. Supp. 353, differs from the case at bar, in that the opening or space was at a curve, the reasoning of Mr. Justice Willard Bartlett, writing for the court in that case, tends to support the appellant's argument in the case at bar. I do not think the defendant was negligent for running its ordinary cars over the bridge. As these cars were narrower than the regular bridge cars, the open space between the station platform and the platform of the narrower cars was necessary, unless the defendant discarded some of its cars. I do not think it was obliged to do this. It was only required to exercise reasonable care so far as the question now involved was concerned, and I think it would be imposing an uncalled-for burden upon the defendant to permit a jury to find negligence from the bare fact that in the development of means of transportation it has come about that cars of unequal width are run across the bridge. While the case of Lafflin v. Buff. & S. W. R. R. Co., 106 N. Y. 138, 12 N. E. 599, 60 Am. Rep. 433, is not directly in point, as the defendant in that case was a steam road and the accident occurred at an ordinary station platform, I think that the rule of responsibility stated is applicable to the case at bar so far as the existence of the space, standing alone, is concerned.

But, while negligence could not be inferred from that bare fact, I think that the defendant was called upon to exercise a precaution not required in the Lafflin Case, and that by reason of the varying widths of the defendant's cars, the conditions of travel in the city of New York, and the varying spaces between car and station platforms at different points, the defendant was called upon to use reasonable care to prevent accidents by giving warning. If it were undisputed that

108 N.Y.S.—2

·the guard warned the plaintiff of .the opening before she attempted to board the car, I do not think any of us would say 'that the defendant was guilty of negligence. The plaintiff's theory of the case, litigated by consent, was that there was a combination of circumstances;. i. e., an open space varying with the different widths of cars, a crowded platform, and failure to give adequate warning. There can be no doubt that that situation presented a question for the jury; but I think the court erred in refusing to ·charge as requested upon the point already discussed.

The request to charge respecting the "proximate or principal cause" was bad for using the word "principal," which is not a synonym of "proximate"; hence it was not error to refuse the request. I think, however, the court erred in refusing to charge that, if the plaintiff knew of the opening, then there was no necessity to give her any warning. The request, fairly interpreted, meant that the plaintiff could not recover if she had knowledge at the time. The plaintiff testified that she had never ridden on one of these cars before; but the jury were not bound to believe her. The object of the warning was to give the passengers notice of what they did not know, or possibly to call their attention to a fact from which it might momentarily have been diverted. Upon the question of freedom from contributory negligence, the plaintiff rested her case upon the assertion of lack of knowledge, and the refusal to charge as requested may have misled the jury.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. WOODWARD and JENKS, JJ., concur. HOOKER, J., concurs in result. HIRSCHBERG, P. J., not voting.

HOOKER, J. The action is for damages for personal injuries. The plaintiff, while attempting to board the defendant's car, stepped into an open space between the car platform and the station platform at the Manhattan end of the Brooklyn Bridge. Some of the plaintiff's witnesses described the space as 10 inches in width. The only ground of negligence alleged in the complaint is that the defendant carelessly and negligently caused and permitted a car which the plaintiff was attempting to board to be and remain so constructed as to permit a large space or opening to exist between the edge of the station platform and the platform of the car, which was intended as a means of access into said car. Although this was the only ground of negligence charged, the plaintiff without objection proved that, while she, with other passengers, was boarding the car, the defendant gave no warning of the existence of this space. The defendant introduced evidence tending to prove that adequate warning was given, and the case was submitted to the jury on both theories. The defendant raised the question on the trial, and urges it here, that it was not negligent in permitting this space to exist.

The platforms upon the Brooklyn Bridge, as appears in the evidence, were originally built to accommodate bridge trains. After their construction, trains of the defendant railroad came to be operated across the bridge·and to use the same platforms. The regular bridge cars appear to be somewhat wider than the cars which compose the defend-

ant's trains; and, while there is a small space between the platforms of the regular bridge cars and the station platform at the place where the plaintiff was injured, provided on account of the inevitable oscillation of the cars, the space is considerably wider than need be when the defendant's narrower cars are using the platform. The track was straight at this point. In my opinion it is a question of fact for the jury under the circumstances to say whether the defendant was negligent in permitting such a condition to exist where passengers are invited to leave and board the train.

In Boyce v. Manhattan Railway Co., 118 N. Y. 314, 23 N. E. 304, the plaintiff was injured by stepping into a space between the car platform and the station platform, about 14 inches wide, where the station was built on a curve and the car formed a tangent to the curve of the station platform. The court did not deem it essential to determine why the railroad was constructed with so sharp a curve at the place where the accident occurred, but pointed out that, even if the open space was necessary, owing to the peculiarities of the location, some precaution could have been adopted, such as stationing a trainman to warn and assist passengers in alighting, a plank could have been thrown across, or in any event the unguarded hole could have been well lighted, so as to be easily seen. None of these precautions had been adopted, and the court determined that the submission of the case to the jury, with instructions that they were to say under all the circumstances whether the defendant was guilty of negligence that caused the plaintiff's injuries, was not error.

In Ryan v. Metropolitan Railway Co., 121 N. Y. 126, 23 N. E. 1131, the plaintiff was injured by falling into a space between the station platform and one of the defendant's cars, which was variously described by the witnesses to be from 7 to 15 inches in width. The negligence alleged was the allowance of such a space to exist. The station was there built upon a curve, so that the platform was convex toward the track. The court determined that where a station is located upon a curve, in that manner, the necessary result of the practical operation of the road will leave the ends of the car, where the platforms are, further away from the station platform than the center of the car, and that the bare fact of the existence of the opening between the car platform and the station is not and cannot be deemed negligence, and said:

"Concededly some opening was necessary. The cars must not scrape the platform of the station, and must be far enough away to allow for the oscillation and swaying of the train. On a perfectly straight track three or four inches of separation would be all that necessity required and as much as should be usually maintained. But a perfectly straight line cannot everywhere be constructed."

And, proceeding to state that curves in the track were inevitable, and the location of stations upon curves was dictated by the public convenience, the court continued:

"But a new necessity thereupon became manifest. The body of a car forms an unbending straight line, and wherever there is a curve becomes the chord of an arc. If the outer line of the platform, following the curve of the track, as it should to bring all points as near as possible to the train, shows a convexity to the cars, any one of them in passing will have its center nearer

to the station than one or both ends. If the car stops, and the center is within four inches of the platform, one or both ends will be further away, depending upon the character or degree of the curve."

In Langin v. New York & Brooklyn Bridge, 10 App. Div. 529, 42 N. Y. Supp. 353, the plaintiff was injured by falling into a space between the platform of the car and the curved edge of defendant's station. That case does not determine that the existence of a space of 12 inches where the station is built along a straight line of track is not negligence, but rather that in a case of this sort, where the ordinary lights were not sufficient to reveal the conditions to the plaintiff because of the crowded condition of travel, and the defendant undertook to warn passengers of the existence of the opening, the defendant was not required to give a warning which was actually brought to the notice of the plaintiff, but that:

"The timely utterance of cautionary words in such a tone and of such a character that they ought to be, and naturally would be, heard and understood by passengers giving ordinary attention to what is going on around them, is a full discharge of the obligation which the law imposes upon the common carrier under such circumstances."

In Coogan v. Interborough Rapid Transit Co., 50 Misc. Rep. 562, 99 N. Y. Supp. 382, the plaintiff was injured by stepping into a space of 9 inches between the car and the station platform, made necessary because the station was built on a curve, and the stationary car was tangent to it. The only negligence claimed was the omission to give warning of the existence of the space. The court approved the finding of the lower court that ordinary care upon the part of the defendant required the giving of such warning, but held that under the circumstances of the case the plaintiff did not show the defendant's omission in this respect.

None of the foregoing cases, which are relied upon by the defendant, goes to the extent of holding that as matter of law it is not negligence for a defendant to allow a space of 10 inches where the station is built at a point where the track is straight. In the case at bar there was no curve in the line of the railroad, and there was nothing to prevent the bringing of the car platform as close to the station platform as due regard for the oscillation of the car would permit, except the fact that the defendant was endeavoring to operate cars through the station for which the station was not built, nor was ever intended. In its endeavor to accommodate platforms built for the wider bridge cars to its own equipment, the defendant has permitted a space to exist concededly wider than necessary, and which some of the plaintiff's witnesses describe as 10 inches. In traversing a space of this character one must ordinarily step so that the distance between where his toe leaves the ground and the other heel strikes it is greater than the distance sought to be traversed. Common knowledge teaches us that this approaches the full length of an ordinary short step. It is also a matter of common knowledge that one moving in the midst of a crowd of passengers such as there was in this case, seeking to board a train, cannot ordinarily take full steps, but must be content to accommodate himself to the motion of the crowd by stepping shorter. The existence of so wide a space practically made it necessary to step in precisely the right place,

with but little margin of variation.  The oscillation of the car did not require so large a space, and in my opinion it was for the jury to determine whether the defendant discharged its full duty to passengers in allowing a space to exist substantially larger than the absolute requirements of the case demanded.  There is nothing to show that it was necessary to operate past the station cars of varying widths.  It is to be remembered that this is not a case where passengers are required to use the car steps for egress and ingress, but rather is a case where the carrier provides a station platform substantially on the same level as the car platform.

For a refusal of the court to charge one of the defendant's requests, however, I think that the judgment must be reversed.  It appeared that the crowd of passengers with whom the plaintiff attempted to board the car was large, and there was a good deal of crowding and pushing. The plaintiff on cross-examination testified:

"I don't know whether it was the people crowding behind me and those in front of me that pushed me down into this space.  That is the best answer I can give.  I never knew how it happened, only I was down there before I knew it."

In answer to a question by the court the plaintiff said:

"We were crowded against each other, as close as we could be."

The defendant called the witness Tilden solely in an endeavor to show that the crowd was so unruly and so desirous of boarding the train at once that the plaintiff fell into the space because she was pushed and crowded there by the people surrounding her.  He testified that, when the train which they were to board came in and the gates were opened, the crowd "all tried to get in first, they pushed, they crowded," and that the pushing of the crowd was such that he was forced forward, and in attempting to board the adjoining platform of the next car he fell forward and his arm was thrust through the car window.

The defendant asked the court to charge the jury that, if the proximate or principal cause of this accident was the pushing or jostling of other passengers intending to board the car, then the plaintiff cannot recover.  The court refused to charge as requested, and the defendant excepted.  The request should have been granted.  The charge of negligence was that the defendant permitted so large an opening to exist, and not that it permitted an unduly large crowd upon the station platform, or failed to preserve order therein.  The defendant cross-examined the plaintiff, and swore the witness Tilden for the purpose of showing that the accident was caused by the pushing of the crowd, rather than on account of the excessive width of the space, and the testimony so elicited was some evidence thereof.  If the jury had been permitted to consider it, and had found that the accident happened so, it would have been a complete defense to the action.  The charge was in effect a denial to the defendant of its right to have the jury consider one of the defenses it had by sufficient evidence sought to make out.

The judgment should be reversed, and a new trial granted; costs to abide the event.