### BOLAND v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

CARRIERS (§§ 320, 347*)—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY—DISMISSAL.

Where, in an action for injuries from falling through an eight-inch space between the station platform and one of defendant's cars, which he was attempting to board, plaintiff testified that he heard no warning given to "watch your step," or anything of that kind, the question of negligence and contributory negligence was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325, 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. §§ 320, 347.*]

Appeal from City Court of New York, Trial Term.

Action by William F. Boland against the Pennsylvania Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Richmond J. Reese, of New York City, for appellant.

Burlingham, Montgomery & Beecher, of New York City (Morton L. Fearey, of New York City, of counsel), for respondent.

SEABURY, J. The court below dismissed the complaint at the close of the plaintiff's case. Plaintiff sued to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. The plaintiff, while attempting to board one of the defendant's cars, fell between the station platform and the train platform. The space between the car and the platform was said to be about eight inches. Plaintiff testified:

"I heard no warning given, 'Watch your step!' or anything of that kind."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned court below dismissed the complaint on the ground that the plaintiff was guilty of contributory negligence; but, upon all the facts proved, this issue was for the jury. Upon this appeal the defendant claims that the dismissal of the complaint should be sustained, on the ground that the evidence did not show that the defendant was guilty of negligence. In Woolsey v. Brooklyn Heights Railroad Co., 123 App. Div. 631, 633, 108 N. Y. Supp. 16, 18, Mr. Justice Miller said:

"The plaintiff's theory of the case * * * was that there was a combination of circumstances; i. e., an open space, varying with the width of cars, a crowded platform, and failure to give adequate warning. There can be no doubt that that situation presented a question for the jury."

The present case is similar to the case discussed by Mr. Justice Miller, and we are satisfied from a review of the record that the issue as to the plaintiff's contributory negligence and the negligence of the defendant should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.