Bert McKinney, Respondent, v. New York Consolidated Railroad Company, Appellant.

Street railways — negligence — action for injury to plaintiff caused by stepping into space between platform of subway station and train — erroneous admission of evidence of conditions at other stations — when evidence insufficient to sustain judgment for plaintiff.

1. Plaintiff was injured, while attempting to board a subway car, by stepping into a space of three or three and a half inches wide between the station and car platform. Upon the trial the court permitted him to testify that at two stations of the old subway there were guards or barriers along the edge of the platform, openings being left therein to enable passengers to enter the trains. Held, that the admission of this testimony was erroneous: (a) because there was no proof whatever that the conditions existing at such stations were at all similar to those existing at the one where the accident occurred; (b) because there was nothing to show that if there had been guards or barriers at the station where the accident occurred they would have prevented it; on the contrary, it clearly appears such guards or barriers would not have prevented the accident.

2. Upon the trial the court refused to charge, as requested by defendant, that the existence of a space of three or three and a half inches, if the jury found there were such a space between the platform and the car, was not negligent on a station platform of the character of the one under consideration. Held, error; that it cannot be that a space of from three or three and a half inches, in and of itself, under the facts and conditions set out in this record, would have established negligence on the part of defendant, and, while defendant was obligated to take all reasonable precautions for the safety of passengers, it was

not bound to anticipate that the foot of an adult person would go into the space there existing. Obviously some space was necessary to provide for the swaying of the cars, and defendant, as matter of law, was not negligent in permitting such space to exist.

*McKinney* v. *N. Y. Consolidated R. R. Co.*, 186 App. Div. 959, reversed.

(Argued November 23, 1920; decided December 31, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 17, 1918, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold L. Warner* and *George D. Yeomans* for appellant. The court erred in refusing to charge that a space three or three and one-half inches wide between the platform and the car was not negligence. (*Ryan* v. *Manhattan Ry. Co.*, 121 N. Y. 126; *Woolsey* v. *Brooklyn Heights R. R. Co.*, 123 App. Div. 631; *Gibson* v. *New York Consolidated R. R. Co.*, 173 App. Div. 125.)

*Thomas Downs* and *Edward J. McCrossin* for respondent. The question of the negligence of the defendant was properly submitted to the jury by the judge's charge as well as the plaintiff's freedom from contributory negligence. (*Bacon* v. *H. & M. R. R. Co.*, 154 App. Div. 742; *Gibson* v. *N. Y. C. R. R. Co.*, 173 App. Div. 125; *Woolsey* v. *B. H. R. R. Co.*, 123 App. Div. 631; *Reschke* v. *Syracuse, Lake Shore & N. R. R. Co.*, 155 App. Div. 48; *Dawson* v. *N. Y. & Brooklyn Bridge*, 31 App. Div. 37.) The court properly permitted the proof of the use of metal guards at Fourteenth and Forty-second streets of the old subway and along the platforms on such stations. Proof of erection of barriers, turnstiles and similar contrivances which are in common use and the proof of their use by other railroads at other stations under similar and

different circumstances has been approved. (*Reschke* v. *S., L. S. & N. R. R. Co.*, 155 App. Div. 48.)

McLaughlin, J.   The plaintiff, while attempting to enter one of defendant's Fourth Avenue subway cars at the Union Square station in the city of New York, sustained personal injuries by stepping into a space between the station and car platforms.   He brought this action to recover the damages sustained, on the ground that his injuries were caused by the negligence of the defendant.

The negligence alleged was, in substance, that defendant maintained and permitted a dangerous and unsafe space to exist between the two platforms; that it failed to provide the station platform with railings, guards or barriers to prevent passengers from being crowded or pushed into such space by crowds which it negligently permitted and invited to accumulate thereon.   The answer put in issue the material allegations of the complaint.   At the trial there was but little conflict between the parties as to the facts upon which the alleged negligence was predicated.   The accident occurred shortly before six o'clock in the afternoon on the 24th of December, 1917.   The plaintiff testified, and was substantially corroborated by the friend who was with him, that when he and his friend descended the subway stairs there was then a train in the station; that he did not think he could get a seat in that train, and decided to wait until another came in; that after the train pulled out he went to a place on the station platform which he thought would be opposite a door in a car in the next train when it came in; that there were then at this point less than twenty people standing around, and only one person between him and the edge of the platform; that another train came in about a minute after the first train had pulled out, and a crowd had, in the meantime, collected on the platform; that when the train came in it stopped so that there was a door in a car directly in front of him; that he

had to step ahead only two feet in order to enter it; that when the train stopped, the car door was opened, and the crowd surged forward; that he " shuffled along " and his foot went sideways into the space, which was from three to three and a half inches; that he saw no guard near the door, nor did he hear any warning given when the people surged forward to board the train; and that there were no railings or barriers along the edge of the platform. Plaintiff was also permitted to testify, against defendant's objection and exception, that there were guard rails or barriers along the edge of the station platform in the old subway at Fourteenth and Forty-second streets — openings being left in such guards or barriers to enable passengers to enter the trains.

In submitting the case to the jury the learned trial judge called attention to the plaintiff's claim that defendant was negligent in allowing a dangerous space to exist between the platform of the station and the platform of the car, and pointed out that the station in question was a straight station, saying that not as much space was necessary as if it had been curved. In this connection he was requested to charge that the existence of a space of three or three and a half inches, if the jury found there were such a space between the platform and the car, was not negligent on a station platform of the character of the one under consideration. This was refused and an exception taken. Plaintiff had a verdict for a substantial amount, upon which judgment was entered, an appeal taken by defendant to the Appellate Division, which unanimously affirmed the judgment, and by permission the appeal to this court followed.

I am of the opinion that the judgment must be reversed because the court erred in permitting plaintiff to testify that at the Fourteenth and Forty-second street stations of the old subway there were guards or barriers along the edge of the platform. The admission of this testimony was erroneous: (a) because there was no proof whatever

that the conditions existing at such stations were at all similar to those existing at the one where the accident occurred; (b) because there was nothing to show that if there had been guards or barriers at the station where the accident occurred they would have prevented it; on the contrary, it clearly appears such guards or barriers would not have prevented the accident. The plaintiff stood directly in front of the door of the car which he was about to enter. He was only one or two feet from the edge of the platform. If there had been guards or barriers there would have had to be openings so that passengers could enter.

I am also of the opinion that the court erred in refusing to charge the request referred to. It cannot be that a space of from three to three and a half inches, in and of itself, under the facts and conditions set out in this record, would have established negligence on the part of defendant. No claim is made but what the station was well lighted. There were not twenty people near the place where plaintiff stopped to wait for another train. One came in within a minute after the other train went out. It is true plaintiff testified there was a large crowd gathered about him, but there was only one person in front of him and the crowd had congregated in about a minute.

Defendant, of course, was obligated to take all reasonable precautions for the safety of passengers, but what precaution could it have taken, under the facts here detailed, which would have prevented the accident? The law does not impose a duty to guard against that which does not naturally suggest itself to a careful and prudent man as something which should be guarded against and which is very unlikely to occur. There is nothing in the record to indicate that a large number of people was likely to congregate at this point in one minute's time. Just why they did so on the occasion in question is not explained. Nor do I think defendant was bound to anticipate that the foot of an adult person, weighing about

170 pounds, would go into the space there existing. Obviously, some space was necessary to provide for the swaying of the cars and I am of the opinion that defendant, as matter of law, was not negligent in permitting such space to exist.

The judgment appealed from, therefore, should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CRANE and ANDREWS, JJ., concur; CHASE and HOGAN, JJ., vote for reversal and new trial on first ground stated in opinion.

Judgment reversed, etc.