CATHERINE M. MORRISON and JOHN L. MORRISON, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action by a wife to recover damages for injuries sustained by reason of alleged negligence of defendant, and by her husband for loss of services and expenses, judgment reversed on the law, with costs, and complaint dismissed, with costs. The space of nine inches and elevation of five inches between the platform and car entrance, at a curve of the elevated tracks, was not claimed to be a structural defect and did not constitute negligence in and of itself. (*Ryan* v. *M. R. Co.*, 121 N. Y. 126; *Woolsey* v. *Brooklyn Heights Railraod Co.*, 123 App. Div. 631.) The lights of the platform were lighted and were adequate in number and power. The accident occurred at one o'clock in the morning and there is no proof of crowding. As plaintiffs' proof shows, the wife simply did not raise her foot high enough. Reasonable vigilance is required of passengers and, under all of the circumstances, there is no showing of actionable negligence. (*Smith* v. *Brooklyn Heights Railroad Co.*, 129 App. Div. 635.) Hagarty, Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm on the ground that the physical facts of the distance of the car from and above the platform, and the other surrounding conditions, warranted the jury in finding defendant chargeable with negligence.

EILEEN O'HARA, an Infant, by SUSAN O'HARA, Her Guardian ad Litem, and RAYMOND D. O'HARA, Appellants, v. DANIEL P. MULLIN, Respondent.— An infant, while on a public sidewalk in the city of Yonkers, was struck by a cover of a scuttle opening to the roof of an adjoining dwelling owned and occupied by the defendant. From a judgment rendered in favor of defendant against a guardian *ad litem*, suing on behalf of the infant, and the latter's father, suing for expenses and loss of services, plaintiffs appeal. Judgment unanimously affirmed, with costs. A question of fact was fairly presented for consideration of the jury as to whether or not an unusual velocity of wind blew the lid from the roof and whether or not the lid and the curbing which it covered were properly constructed and maintained. Although it would have been proper to have permitted the plaintiffs to go to the jury on both the theories of nuisance and negligence, no substantial error was committed in presenting the case to the jury on the latter theory, for the learned trial justice in his charge presented all the issues and contentions which might have been advanced under the nuisance theory. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.