OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, defendant’s underlying motion to set aside the jury verdict denied, verdict in favor of plaintiffs on the issue of liability reinstated, and matter remanded to the court below for all further proceedings.
Appeal from the decision dated February 6, 2002 unanimously dismissed.
Plaintiffs commenced the instant personal injury action seeking to recover damages for injuries sustained by plaintiff Kenneth Johnson as a result of defendant’s alleged negligence and for loss of services by plaintiff Paulette Johnson. Plaintiff Kenneth Johnson, a train conductor with the defendant at the time of the incident, testified that on June 20, 1992, he was traveling as a passenger on the northbound D train to his home station, Avenue M. When the train stopped, and the doors opened, there were about four people getting on and four people getting off. He stepped to the left in order to avoid colliding with a woman who had rushed toward him. As he attempted to step off the train, while facing forward and looking straight ahead, he fell in the gap between the platform and the subway car. Johnson testified that he was six feet, two inches tall, and that at the time of the incident, he weighed between 205 and 210 pounds. When he fell, he became wedged between the platform edge and the car body to about “midway [of his] upper thigh.” At the time of the incident, Johnson observed that there was a large gap between the platform edge and the car body, which he estimated was “close to maybe eight inches,” that the rubbing board on the edge of the platform was missing, and that the platform was “cracked” and “broken.” The conductor of the train, who had *44 come to Johnson’s aid, testified that the gap was approximately “[t]welve, 14 inches.” Johnson also testified that he was a safety representative and shop steward for the transit union, and that his responsibilities included reporting hazardous or unsafe conditions. He had communicated to the defendant previously on occasions that there were missing boards and that dangerous and hazardous conditions existed at that particular spot.
The testimony of defendant’s witnesses indicated that a rubbing board generally measured from two to six inches, and that when rubbing boards were missing from the edge of the platform, that area would sometimes be barricaded so that passengers .would not walk nearby. Defendant also produced records indicating that rubbing boards had been “installed” on “track 82” on March 25, 1992, and that on March 30, 1992, rubbing boards had been “replaced.” The next entry, dated August 13, 1992, indicated that fiberglass rubbing boards had been installed. It was acknowledged by defendant’s witness that there was no date of completion for the March 30, 1992 entry. Evidence was also introduced showing that the measurement of the gap at the rear door where Johnson attempted to exit was 7 inches on August 2, 1991, and 6V2 inches on March 9, 1993.
The jury rendered a verdict finding that defendant was negligent in the maintenance of the platform and that such negligence was a substantial factor in causing the accident, and that plaintiff Kenneth Johnson was negligent, but that his negligence was not a substantial factor in bringing about the accident. On motion by defendant to set aside the jury verdict on the ground that the width of the gap did not constitute negligence as a matter of law, or in the alternative, that the verdict was against the weight of the evidence, the court set aside the verdict as a matter of law, finding, among other things, that “[p]laintiff produced no evidence from which an inference of negligence could be drawn, as no standard that was breached was submitted into evidence.”
Courts have recognized that some space between the platform and the car is necessary as “[t]he cars must not scrape the platform of the station, and must be far enough away to allow for the oscillation and swaying of the train” (Ryan v Manhattan Ry. Co., 121 NY 126, 131 [1890]; see also McKinney v New York Consol. R.R. Co., 230 NY 194, 199 [1920]). Thus, the existence of a space between the platform and the car, necessary to the operation of the train, does not, in and of itself, constitute negligence (Ryan, 121 NY at 136-137; McKinney, 230 NY at *45 198-199; Iorio v Murray, 256 App Div 512, 514 [1939]; Woolsey v Brooklyn Hgts. R.R. Co., 123 App Div 631, 633 [1908]; Tomayo v Murray, 173 Misc 728, 729 [1940]; see also Lafflin v Buffalo & Southwestern R.R. Co., 106 NY 136, 139 [1887]; Smith v Brooklyn Hgts. R.R. Co., 129 App Div 635, 636 [1908]). Nonetheless, a common carrier is “charged with the duty of using due care to provide proper and safe means of getting from the platform of the cars to the platform of the station” (Boyce v Manhattan Ry. Co., 118 NY 314, 318 [1890]). Where the opening may present a danger, the carrier has the obligation to take some reasonable precautionary measures for the safety of the passengers (Ryan, 121 NY at 132; Boyce, 118 NY at 318; Woolsey, 123 App Div at 633).
On a postverdict motion for judgment as a matter of law, the court must determine whether there is “no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Where the evidence is such as “it would not be utterly irrational for a jury to reach the result it has determined upon, and thus a valid question of fact does exist, the court may not conclude that the verdict is as a matter of law not supported by the evidence” (Cohen, 45 NY2d at 499). The plaintiffs’ evidence at trial presented issues of fact (see Pemberton v New York City Tr. Auth., 304 AD2d 340 [2003]) as to whether the space between the platform and the car was necessary for the operation of the train, and whether the opening constituted a dangerous condition which defendant negligently failed to repair, or otherwise failed to undertake reasonable measures for the safety of the passengers. It was not irrational for the jury to conclude that the gap resulted from missing rubbing boards and was, thus, not necessary to the operation of the train. There was also a rational basis for the jury to draw the inference that a dangerous condition was created, since plaintiffs fall caused him to be wedged in between the car and the platform up to his mid-thigh, and to conclude that defendant’s negligence was the proximate cause. The issues having been properly submitted to the jury for factual determination, it was error for the court to conclude that the verdict finding defendant negligent was not supported by the evidence as a matter of law (see Cohen, 45 NY2d at 499). Insofar as the court’s determination may have been predicated on the plaintiffs’ failure to introduce the “standards” of the New York City Transit Authority, it was error to *46 do so as defendant’s internal rules and regulations provide only “some evidence” of negligence or absence thereof (Lesser v Manhattan & Bronx Surface Tr. Operating Auth., 157 AD2d 352, 356 [1990], affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth., 79 NY2d 1031 [1992]; Danbois v New York Cent. R.R. Co., 12 NY2d 234, 239 [1963]). Moreover, the jury verdict finding that Johnson’s negligence was not a substantial factor in causing the accident should not be disturbed on appeal.
Pesce, EJ., Patterson and Rios, JJ.