FANNIE DUNN and Another, Plaintiffs, *v.* THOMAS E. MURRAY, JR., as Receiver of the INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

City Court of New York, New York County, December 29, 1937.

*Isadore Feil*, for the plaintiff.

. *J. L. Quackenbush [William D. Van Pelt* of counsel], for the defendant.

KELLER, J. The plaintiff Fannie Dunn fell into a space between the car platform and the station platform of the subway at One Hundred and Tenth street and Lenox avenue. There was a curve on the platform at the place where plaintiff attempted to board the train. At this point there was a space of twelve inches between the station platform and the car platform. On this proof the defendant moved for a dismissal of the complaint without offering any evidence. Decision was reserved.

Plaintiff in her memorandum cites two cases in support of her theory of defendant's negligence and her own freedom from contributory negligence: *Boland* v. *Pennsylvania R. R. Co* (138 N. Y. Supp. 1099, 1100) and *Boyce* v. *Manhattan R. Co.* (118 N. Y. 314, 318).

In *Boyce* v. *Manhattan R. Co.* the space into which the plaintiff fell was on the platform of the elevated railway at its South Ferry station. The space at that part of the platform where the suitor fell was wider than it was at that part where the platform was without a curve. The court said in that case: " Even if the open space was necessary, owing to the peculiarities of the location, it was not necessary to leave it unguarded or unlighted." In *Boland* v. *Pennsylvania R. R. Co. (supra)*, Judge SEABURY, writing for the Appellate Term, said, on reversing the court below, which dismissed the complaint, that the issue of contributory negligence where a passenger fell into a space between the train and platform was a question of fact for the jury. He predicated his finding on the decision of Mr. Justice MILLER in *Woolsey* v. *Brooklyn Heights R. R. Co.* (123 App. Div. 631), and quoted from Mr. Justice MILLER's decision: " The plaintiff's theory of the case * * * was that there was a combination of circumstances; *i. e.*, an open space, varying with the width of cars, a crowded platform, and failure to give adequate warning." In both of these cases the

appellate court said the question of fact as to negligence should have gone to the jury. In the case at bar the court passed on the question of fact. In one of the above cases there was neither adequate light nor warning; in the other there was a combination of circumstances, *i. e.*, an open space, a crowded platform, and a failure to give adequate warning. In the present case, according to the testimony, there was no crowding and the light situation was normal. The situation, therefore, gives rise to the inquiry whether guards must be maintained on the subways at all hours of the day and night to guard and give warning to the unwary at places where there is a wider space between the station platform and the car platform because of the construction of the platform at curves. In this connection it must be remembered that the defendant is a lessee from the city of New York without any right to alter the platform. I can find no authority for the proposition that there is an obligation to post guards where adequate light is maintained. While it is true that plaintiff's husband testified that the light was not good, there was no testimony that any of the lights were out or that the lighting condition was any different from what it has been for the many years that the station has been used by the public with comparative safety. As said Judge FINCH in *Ryan* v. *Manhattan R. Co.* (121 N. Y. 126, 132): " The locality should be well lighted, so that the passengers can see what the opening is, and it was that omission which was a determining element in the *Boyce* case." I am unable to subscribe to the theory that a guard should have been placed on the platform to warn passengers, in the absence of crowding or darkness, and that the failure to do so is negligence, nor can I hold that the plaintiff was free from contributory negligence where alertness and the ordinary use of her eyesight would have enabled her to avoid the accident.

Defendant's motion is granted.

Complaint dismissed as to both plaintiffs on the merits.